IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

v.

MELODY SMITH, ET AL.,

    Defendants.

                            /

No. C 11-05176 CRB

**ORDER DENYING TRO AND SETTING BRIEFING SCHEDULE**

     Plaintiff Stephen B. Turner filed a Complaint and request for temporary restraining order against various parole officials alleging violations of 42 U.S.C. § 1983 and several state laws on October 24, 2011. Dkt. 1, 2. While there may be some merit to Plaintiff's claims, Plaintiff has not demonstrated a clear likelihood of success on the merits sufficient to support the extraordinary remedy of a temporary restraining order at this time. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Moreover, it appears that the bulk of Plaintiff's grievances, his alleged mis-characterization as a high risk sex offender, and the onerous parole conditions such a classification entails, have been in place in great part since at least January 6, 2010. This serious delay in seeking injunctive relief implies a lack of urgency and irreparable harm, and weighs against the propriety of such relief. Miller ex rel. NLRB v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993); Lydo Enters. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984).

Thus, the Court DENIES the temporary restraining order. The Court notices a hearing on the motion for preliminary injunction for **Friday, December 2, 2011**. Defendants' Response is due **Friday, November 18, 2011**. Plaintiff's Reply is due **Monday, November 28, 2011**, due to the Court holiday on Friday, November 25, 2011.

Further, Plaintiff is ORDERED to serve copies of the following documents on Defendants forthwith: (1) this Order; (2) the Complaint; and (3) the Motion for Temporary Restraining Order and Preliminary Injunction and the Memorandum in Support.

Plaintiff's Motion for leave to proceed in forma pauperis is GRANTED.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reh'g en banc on other grounds, 154 F.3d 952 (9th Cir. 1998). Plaintiff claims he is indigent, but he will not lose his physical liberty if he loses the litigation. Nonetheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, for the reasons stated above, there is not a strong likelihood of success on the merits and this stage. Plaintiff also has a fair job of articulating his claims. Plaintiff's Motion to Appoint Counsel is DENIED without prejudice at this time.

**IT IS SO ORDERED.**

Dated: October 26, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2