IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER, | No. C 11-05176 CRB |
| Plaintiff, | **ORDER DENYING INJUNCTION** |
| v. | |
| MELODY SMITH, ET AL., | |
| Defendants. | |

Plaintiff Stephen B. Turner filed an amended complaint along with a (fourth) request for pretrial injunctive relief. Dkt. 64, 65; see also dkt. 18, 31, 38. Though the filing was styled as an "*Ex Parte*" application for a temporary restraining order, the papers themselves indicate that Turner mailed a copy of the papers to defense counsel, dkt. 65 ("TRO App.") at 1, and Defendants responded following this Court's order setting a response deadline.

Turner's 159-page complaint includes dozens of causes of action, which are referred to generally in the TRO application,[1] but the legal argument in support of the latest request for injunctive relief invokes only one theory. Turner argues that a change in California law permitted prisoners released after October 1, 2011, to apply for early parole discharge, but that he is not eligible to apply for such a discharge because he was released before the new

---

[1] The Court already denied a TRO premised on Turner's initial complaint, which largely mirrored the amended complaint except Turner has added claims stemming from events postdating the filing of the lawsuit. To the extent this TRO application rehashes those arguments, it is denied for the same reasons set out in the Court's previous order. See dkt. 7.

law, which applies only prospectively, went into effect. TRO App. at 3; see also People v. Lynch, --- Cal. Rptr. 3d ---, No. C068476, 2012 WL 4017993, at *1 & n.2 (Ct. App. 2012) (describing the change in law).

Turner says that failing to apply the new law to him retroactively was a violation of the Equal Protection Clause of the United States and California constitutions. California's intermediate appellate court, citing federal law, has already rejected a similar challenge to this very law, Lynch, 2012 WL 4017993, at *1, *5; cf. Foster v. Wash. State Bd. of Prison Terms & Parole, 878 F.2d 1233, 1235 (9th Cir. 1989); Doe v. Mich. Dep't of State Police, 490 F.3d 491, 504-05 (6th Cir. 2007) (collecting cases regarding prospective application of lowered punishments).

Legislation must take effect on some specific date, and "the Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." Sperry & Hutchinson Co v. Rhodes, 220 U.S. 502, 505 (1911). Accordingly, Turner has not demonstrated a clear likelihood of success on the merits sufficient to support the extraordinary remedy of a temporary restraining order at this time. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

In addition, Turner's unexplained failure to seek relief since the law was passed on April 4, 2011 (and became effective on October 1, 2011), see Lynch, 2012 WL 4017993, at *3, precludes him from making the necessary showing of urgency and irreparable harm. Miller ex rel. NLRB v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993); Lydo Enters. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984).

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument, and DENIES Turner's motion.

**IT IS SO ORDERED.**

Dated: October 9, 2012

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2