IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Plaintiff,<br><br>  v.<br><br>MELODY SMITH, ET AL.,<br><br>    Defendants. | No. C 11-05176 CRB<br><br>**ORDER DENYING RULE 60 MOTION** |

## I.    BACKGROUND

Plaintiff Stephen Turner sued his parole officer and other government officials and entities alleging, among other things, that various of Turner's parole conditions and the Defendants' enforcement of those conditions violated his constitutional rights. See generally Second Am. Compl., dkt. 64. This Court granted a motion to dismiss all forty-seven of Turner's causes of action. See Order, dkt. 75. He now seeks narrow relief from this Court's order, asking that the Court revisit its dismissal of his forty-seventh cause of action, which alleged "retaliatory harassment in violation of the First and Fourteenth Amendements." Second Am. Compl. ¶ 354.

The forty-seventh cause of action actually included two distinct theories. Turner first alleged that Defendant Sims, a parole agent, "made a statement to Turner indicating that 'bad things would happen to him if he didn't drop his pendent lawsuits against him and the California Parole department." Id. ¶ 357; see also id. ¶ 115 (alleging that Sims said "if you

1 don't [stop your lawsuits] things are going to be very unpleasant for you!"). He separately
2 alleged that Defendant Smith, another parole officer, "singled Turner out by repeatedly
3 rearresting Turner for minor technical violations, when other parolees would not get arrested
4 by her for similar violations." Id.

5 The Court dismissed the forty-seventh cause of action as barred by Heck v.
6 Humphrey, 512 U.S. 477 (1994). See Order at 6.

## II. LEGAL STANDARD

Rule 60(b) provides relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). U.S. Bank cites subdivisions (1) and (6) in support of its motion.

Rule 60(b)(1) permits relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Though motions under this subsection usually concern mistakes made by the party seeking relief, the Ninth Circuit permits 60(b)(1) relief premised on an error by the court. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999); Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 440-41 (9th Cir. 1982); see also 11 Wright et al., Federal Practice & Procedure § 2858.1 (2d ed. 2008) (noting circuit split).

## III. DISCUSSION

Turner argues that this Court erred in including his forty-seventh cause of action in the list of claims barred by Heck. The Court agrees that only one of Turner's two theories in claim 47–the "singling out" theory–was barred by Heck, and that Turner's alternative theory that Sims unlawfully threatened him should have been separately addressed in the portion of the order analyzing whether he stated a cognizable claim for relief.

Turning to that theory, Turner failed to state a claim, because the vague "threats" alleged–however inappropriate–do not rise to the level of a constitutional violation. Whether

any threat unaccompanied by follow-through can state a § 1983 retaliation claim is doubtful. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); cf. Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009).

However, assuming *arguendo* that some category of mere threats could constitute "adverse action" sufficient state a retaliation claim, the vague threats here involving unspecified harms of "bad" or "unpleasant" experiences would not qualify. Indeed, is not even clear that Sims was "threatening" to do anything unlawful or improper; Turner's complaint describes Sims as repeatedly urging Turner to comply with his sex-offender registration requirements in the same conversation where he supposedly threatened Turner. See Second Am. Compl. ¶ 115. Accordingly, Turner has not plausibly pled that the "threats" were anything other than Sims' opinion that Turner's litigation campaign would distract him from staying in compliance with his various registration requirements.

### IV. CONCLUSION

One of the Turner's two theories in his forty-seventh cause of action was barred by Heck, and the other failed to state a claim. Accordingly, Turner's motion for Rule 60 relief is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE