United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  STEPHEN B. TURNER,                    No. C 11-05176 CRB

12          Plaintiff,                    **ORDER (1) GRANTING MOTION TO
                                          DISMISS; (2) DENYING MOTION TO
13    v.                                  REVOKE PLAINTIFF'S IFP STATUS;
                                          (3) DENYING MOTION TO STRIKE;
14  MELODY SMITH, ET AL.,                 (4) DENYING MOTION FOR
                                          PRELIMINARY INJUNCTION;
15          Defendants.                   (5) DENYING MOTION FOR RULE 11
                                    /     SANCTIONS; (6) DENYING MOTION
16                                        TO SHORTEN TIME, DISQUALIFY
                                          COUNSEL, AND/OR APPOINT
17                                        COUNSEL**

18

19

20          Defendants move to dismiss Plaintiff Stephen Turner's Third Amended Complaint

21  (TAC) on the following grounds: (1) failure to state a claim upon which relief can be granted

22  under Federal Rule of Civil Procedure 12(b)(6), (2) failure to comply with the mandatory

23  pre-filing claims-presentation procedures under the California Tort Claims Act, and

24  (3) improper assertion of unrelated claims against different Defendants under Federal Rules

25  of Civil Procedure 18(a) and 20(a).  MTD (dkt. 83) at 1.  Because Turner failed to amend his

26  complaint in a manner consistent with the Court's December 3, 2012 Order, the Court

27  GRANTS Defendants' Motion to Dismiss (MTD).

28          Defendants also move to revoke Turner's in forma pauperis (IFP) status (dkt. 90), and

    Turner makes the following motions: motion to strike (dkt. 100); motion for a preliminary

    injunction (dkt. 85); motion for Rule 11 sanctions (dkt. 98); and motion to shorten time,

1   disqualify defense counsel, and/or appoint counsel (dkt. 116).  Because these motions are

2   moot or lack merit, the Court DENIES all five.

## I.   BACKGROUND

4   Turner, proceeding pro se, is currently on parole in the State of California.  See TAC

5   (dkt. 79).  He filed the original complaint in this lawsuit on October 24, 2011.  See Compl.

6   (dkt. 1).  Six days later, he filed a 213-page First Amended Complaint (FAC) including

7   exhibits.  See FAC (dkt. 9).  At a June 22, 2012 hearing, the Court granted Turner leave to

8   amend and strongly encouraged him to retain counsel.  Minutes (dkt. 56) at 1.  Turner did not

9   retain counsel, and filed a 160-page Second Amended Complaint (SAC) on September 24,

10  2012.  See SAC (dkt. 64).  On December 3, 2012, the Court granted Defendants' Second

11  MTD with leave to amend in a manner consistent with the Court's Order.  See MTD Order

12  (dkt. 75) at 11.  Specifically, the Court allowed Turner to amend only the fifteen claims

13  described by the Court in Section III.D of the Order.  Id.  The Court also instructed that

14  Turner may not replead any causes of action that would require the Court to find that his

15  parole conditions are invalid or that a parole revocation decision was invalid, and that he may

16  not add entirely new causes of action.  Id.  Turner submitted a 48-page TAC on December

17  28, 2012.  See TAC.  In accordance with the Court's instructions, Turner included only those

18  fifteen claims specified in the Court's December 3, 2012 Order.  TAC 25-45.

## II.   LEGAL STANDARD

20  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

21  alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

22  "Detailed factual allegations" are not required, but the Rule does call for sufficient factual

23  matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v.

24  Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,

25  570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

26  allows the court to draw the reasonable inference that the defendant is liable for the

27  misconduct alleged."  Id.  In determining facial plausibility, whether a complaint states a

28  plausible claim is a "context-specific task that requires the reviewing court to draw on its

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  judicial experience and common sense." Id. at 679.  Allegations of material fact are taken as

2  true and construed in the light most favorable to the non-moving party. Cahill v. Liberty Mut.

3  Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

4         Pro se pleadings are to be liberally construed, and "however inartfully pleaded, must

5  be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v.

6  Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also

7  Balisteri v. Pacifica Police Dept., 901 F.2d 296, 699 (9th Cir. 1990) (noting that "pro se

8  pleadings are liberally construed, particularly where civil rights are involved").  But, a liberal

9  interpretation "may not supply essential elements of the claim that were not initially pled."

10  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations

11  omitted).  Mere conclusions are not sufficient to state a cause of action. Papasan v. Allain,

12  478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th

13  Cir. 1988).  Nevertheless, a complaint should not be dismissed without leave to amend unless

14  it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d

15  756, 760 (9th Cir. 2007).

16  **III.    DISCUSSION**

17         Defendants assert that Turner's TAC must be dismissed because (1) it fails to state a

18  claim upon which relief can be granted, (2) it fails to comply with the administrative

19  exhaustion requirements of the California Tort Claims Act, and (3) it violates Federal Rules

20  of Civil Procedure 18(a) and 20(a) by incorporating unrelated claims against different

21  Defendants. See generally MTD.

22         **A.    Failure to State a Claim Upon Which Relief May Be Granted**

23         Dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim

24  upon which relief can be granted" may be based on either "the lack of a cognizable legal

25  theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri,

26  901 F.2d at 699.  Turner re-alleges substantially the same causes of action previously

27  dismissed by the Court in its December 3, 2012 Order, but has failed to cure the defects

28  previously identified by the Court.  Because the Court has given Turner ample opportunity to

**United States District Court**
For the Northern District of California

comply with the pleading requirements of Rule 12(b)(6) and he has repeatedly failed to do

so, the Court DISMISSES all claims without leave to amend for the reasons stated in the

Court's December 3, 2012 Order:

- Claim One: Intentional Infliction of Emotional Distress (IIED)—No indication which, if any, facts support the claim.

- Claim Two: Intentional Violation of Due Process—Invasion of Privacy (In a False Light)—No indication which, if any, facts support the claim.[1]

- Claim Three: Intentional Violation of Due Process—Invasion of Privacy—Failure to assert any facts demonstrating that the psychiatric information at issue was irrelevant to the merits of the hearing.[2]

- Claim Six: Intentional Violation of Due Process—Defamation of Reputation—Cause of action is squarely foreclosed by Supreme Court precedent. Paul v. Davis, 424 U.S. 693, 711-12 (1976).

- Claim Eight: Violation of 18 U.S.C. § 242—No private right of action under criminal statutes. Rockefeller v. U.S. Ct. of App. Office for the Tenth Cir. Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

- Claim Nine: Intentional Violation of the Eight Amendment by Requiring Use of GPS Tracking Device—Allegations do not rise to the level of an Eighth Amendment violation.

- Claim Ten: Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO)—No indication which, if any, facts support the claim.

- Claims Eleven, Twelve, Thirteen, Fourteen, and Fifteen[3]—No indication which, if any, facts support the claims.

---

[1] To the extent that these allegations support any cognizable theory of recovery, Turner may not cast them as amounting to a substantive due process violation under federal law. As Defendants correctly aver, Turner "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." Caterpiller, Inc. v. Williams, 482 U.S. 386, 399 (1987); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigants cannot "transform a state-law issue into a federal one merely by asserting a violation of due process").

[2] Similarly, Turner may not pursue a state law claim of invasion of privacy based on the public disclosure of private facts because he has offered no facts tending to show that his psychiatric condition is not a matter of legitimate public concern. MTD at 11 (citing Catsouras v. Dept. of Cal. Highway Patrol, 181 Cal. App. 4th 856, 868 (2010) (in order to assert a state-law claim of invasion of privacy, a plaintiff must prove that the public disclosure of private facts is not a matter of legitimate public concern)).

[3] All claims relate to an alleged one-day delay in releasing Turner from the Santa Rita County Jail in September 2012. TAC 40-45. Despite allegations that he should have been released on September 9, 2012, Turner concedes that the Deputy Commissioner ordered his release on September 10, 2012. TAC 19.

**United States District Court**
For the Northern District of California

1

2

<u>Claim Four: Intentional Violation of First and Fourteenth Amendment—Tort of
Malicious Falsehood (Perjury)</u>

3

The Court previously dismissed this cause of action for failure to state a claim because

4

Turner never identified what Defendant Smith supposedly said that was untrue.  MTD Order

5

at 8.  Turner did not augment his pleading with any additional factual information regarding

6

Smith's allegedly "inconsistent" statements at Turner's May 2012 hearing.  He did, however,

7

explain that Smith's allegedly perjured herself at Turner's May 2010 hearing by stating under

8

oath that she never allowed him to access SF Redbook (a pornographic website).  TAC 30.

9

Turner asserts that Smith did allow him to visit SF Redbook in January 2010 to look for his

10

former fiancée.  TAC 6.

11

Only in his Opposition to Defendants' MTD does Turner clarify that the basis for his

12

fourth cause of action is the allegedly harmful effect Smith's testimony had on the outcome

13

of Turner's parole revocation hearing.  <u>See</u> Opp'n at 23-24.  Arguments in a brief are not

14

factual allegations for purposes of a motion to dismiss, and anyway Turner never explains on

15

what basis his parole was ultimately revoked.  Thus, the Court has no way of ascertaining

16

whether Smith's alleged perjury had any effect, injurious or otherwise, on the outcome of

17

those proceedings.

18

Even if the Court were to reach the merits of Turner's contention that Smith's alleged

19

perjury had an injurious effect on the outcome of his parole revocation proceedings, no "due

20

process" violation occurred.  The law is clear that parolees are not entitled to anything

21

resembling the full panoply of due process rights associated with a criminal trial, <u>see</u>

22

<u>Morrissey v. Brewer</u>, 408 U.S. 471, 480-90 (1972), and Turner does not dispute that he had a

23

full opportunity to voice his version of events at the parole hearing–regardless of whether

24

Smith's version was untrue.

25

Furthermore, as fully explained in the Court's December 3, 2012 Order, Turner may

26

not pursue a claim for money damages under 42 § U.S.C. 1983 based on allegedly wrongful

27

incarceration resulting from a parole-revocation hearing if he does not allege facts showing

28

that the parole board's decision has been reversed, expunged, set aside, or otherwise called

into question.  MTD Order at 5 (citing <u>McQuillion v. Schwarzenegger</u>, 369 F.3d 1091, 1097-

1  98 (9th Cir. 2004); Schafer v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995); Littles v. Bd. of

2  Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of

3  Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995);  Heck v. Humphrey, 512 U.S. 477,

4  486-87 (1994)).

5       Here, a finding of liability would require the Court to consider the effect of Smith's

6  allegedly false testimony on the outcome of Turner's May 2010 and May 2012 parole

7  revocation hearings.  Because Turner has not successfully challenged his parole revocation in

8  a collateral proceeding, the Court is barred from reaching the merits of his fourth cause of

9  action under federal law.  Accordingly, the Court DISMISSES Turner's fourth claim without

10  leave to amend, but also without prejudice such that Turner may re-file only in the event he

11  succeeds in a collateral attack.

12       Claim Five: Deceitful Conduct in Violation of Due Process

13       Turner re-alleges a due process violation predicated on Defendant Smith's allegedly

14  fraudulent entries in Turner's February 2011 parole violation report. TAC 31-33.  Again,

15  Turner does not suggest the alleged falsification affected his ability to prepare for, or the

16  merits of, the hearing itself.  Even so, a finding of liability would require the Court to

17  consider the effect of Defendants' allegedly fraudulent actions on the outcome of Turner's

18  parole revocation hearing.  Because Turner has not successfully challenged his parole

19  revocation in a collateral proceeding, the Court is barred from reaching the merits of his fifth

20  cause of action under federal law.  See Heck, 512 U.S. at 486-87.

21       Turner also alleges that his April 11, 2012 arrest was predicated on a parole condition

22  (not to associate with his former fiancée) that Defendants knew contravened and violated a

23  court order as well as their promise to the court.[4]  While Turner is currently challenging those

24  special conditions of parole in state court,[5] there is no indication that the matter has been

25

26       [4]    Turner also raised this allegation in his previous complaint, but it was not addressed
       specifically in the Court's December 3, 2012 Order.
27

28       [5]    Turner filed Case No. RG11574935 against the California Department of Corrections and
       Rehabilitation in Alameda County Superior Court on May 6, 2011.  He filed a motion for leave to file
       a third amended complaint in that case on March 18, 2013.

United States District Court
For the Northern District of California

1    resolved on the merits.  Again, as fully explained in the Court's Order dismissing Turner's

2    SAC, <u>Heck</u> does not permit a challenge to the procedures or validity of a parole revocation

3    decision unless the parole board's decision has been reversed, expunged, set aside or called

4    into question.  <u>See</u> <u>McQuillion</u>, 369 F.3d at 1097-98.

5           Nor may a plaintiff question the validity of his parole conditions unless and until he

6    shows that the conditions have been invalidated.  <u>Moreno v. State of Cal.</u>, 25 F. Supp. 2d

7    1060, 1064 (N.D. Cal. 1998).  Until Turner can demonstrate that the aforementioned parole

8    condition was invalidated and that his parole revocation allegedly stemming therefrom has

9    been successfully challenged in a collateral proceeding, the Court is barred from reaching the

10   merits of his fifth cause of action. Accordingly, the Court DISMISSES Turner's fifth claim

11   without leave to amend, but also without prejudice such that Turner may re-file <u>only</u> in the

12   event he succeeds in a collateral attack.

13          <u>Claim Seven: Failure to Train and Negligent Supervision</u>

14          Turner re-asserts claims for failure to train and negligent supervision.  TAC 34.  In

15   order to state a claim under any theory of supervisory liability, a plaintiff must sufficiently

16   allege that an underlying violation of his rights occurred.  <u>See</u> <u>Hydrick v. Hunter</u>, 669 F.3d

17   937, 942 (9th Cir. 2012) ("[e]ven under a 'deliberate indifference' theory of individual

18   liability, the [p]laintiffs must allege sufficient facts to plausibly establish the defendant's

19   'knowledge of' and 'acquiescence in' <u>the unconstitutional conduct of his subordinates</u>")

20   (emphasis added).  As the Court previously explained in its December 3, 2012 Order,

21   Turner's substantively unchanged allegations do not state a claim under any theory of

22   supervisory liability.  MTD Order at 7.  Accordingly, the Court DISMISSES Turner's

23   seventh claim without leave to amend.

24          **B.      Improper Assertion of Unrelated Claims Against Different Defendants**

25          Federal Rules of Civil Procedure 18 and 20 regarding joinder presuppose that a

26   plaintiff has properly asserted a right to relief.  <u>See</u> <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351

27   (9th Cir. 1997) (citing F.R.C.P. 20(a) and <u>League to Save Lake Tahoe v. Tahoe Reg'l</u>

28   <u>Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977)) (joinder of parties and claims is proper

**United States District Court**
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1   only when (1) the right to relief arises out of or relates to the same transaction or occurrence,

2   or series of transactions or occurrences; and (2) a question of law or fact common to all

3   parties arises in the action)).  Here, Turner asserts a number of different claims, arising out of

4   a number of different events, against a number of different defendants.  However, because

5   Turner has failed to adequately allege any set of facts that would confer a right to relief, the

6   Court finds it unnecessary to reach the issue of improper joinder at this time.

7           **C.**     **Turner's State Law Claims**

8          Because Turner's federal claims have all been eliminated prior to discovery and trial,

9   this Court declines to exercise supplemental jurisdiction over his state law claims, and thus

10  need not reach Defendants' arguments regarding Turner's failure to meet administrative

11  exhaustion requirements for those claims.  See 28 U.S.C. § 1367(c); Acri v. Varian Assocs.,

12  Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims

13  are eliminated before trial, the balance of factors . . . will point toward declining to exercise

14  jurisdiction over the remaining state law claims." (quoting Carnegie-Mellon Univ. v. Cohill,

15  484 U.S. 343, 350 n.7 (1988))).

16  **IV.**    **Additional Pending Motions**

17          **A.**     **Defendants' Motion to Revoke Turner's In Forma Pauperis Status and**
                       **Turner's Motion to Strike**

18

19         Defendants move to revoke Turner's IFP status on the ground that he received

20  $5,000.00 in a court settlement on October 22, 2012 and, thus, no longer qualifies as an

21  indigent litigant.  See Mot. to Revoke IFP (dkt. 90).  On January 23, 2013, the defendant in

22  another case currently pending before Judge Chesney made a substantially identical motion.

23  See Motion to Revoke Plaintiff's IFP Status, Turner v. Tierney, No. 12-6231-MMC (Jan. 23,

24  2013), ECF No. 13.[6]  Turner moved to strike Defendants' motion on the grounds that it is

25  duplicative of the January 23, 2013 motion.  See Mot. to Strike (dkt. 100).  Judge Chesney

26  denied the motion to revoke Turner's IFP status on March 13, 2013, finding no indication

27  that Turner willfully withheld information relating to the settlement award and concluding

28           [6]     This case is one of nine cases that Turner filed, four of which are currently pending, in
    the Northern District of California in the last three years.

**United States District Court**
For the Northern District of California

1  that his economic choices did not warrant revocation.  Not. of Ruling (dkt. 113); Order

2  Denying Motion, <u>Turner v. Tierney</u>, No. 12-6231-MMC (Mar. 13, 2013), ECF No. 32.  The

3  Court DENIES Defendants' Motion to Revoke Turner's IFP Status for the same reasons set

4  forth in Judge Chesney's order.  The Court also DENIES Turner's Motion to Strike as moot.

5             **B.**      **Turner's Motion for Preliminary Injunction**

6          Turner filed a Motion for Preliminary Injunction ordering Defendants to cease their

7  "unlawful miscategorization of Turner as a High Risk Sex Offender."  Mot. for PI (dkt. 85) at

8  1.  In light of the Court's dismissal of Turner's TAC without leave to amend, he cannot prove

9  a likelihood of success on the merits in the underlying action.  Thus, the Court DENIES his

10  Motion for Preliminary Injunction as moot.

11             **C.**      **Turner's Motion for Rule 11 Sanctions**

12          Turner filed a Motion for Rule 11 Sanctions against Defendants and their counsel

13  opposing counsel's alleged lies about Tuner's status as a convicted sex offender.  Mot. for

14  Sanctions (dkt. 98).  Turner's motion is replete with generalized assertions of

15  "unprofessional and reprehensible conduct," "libelous and malicious statements," intentional

16  attempts to "rile and antagonize Turner," violations of California State Bar rules and the

17  California Penal Code, and "major faux pas."  <u>See</u> <u>id.</u> at 2-5.  After carefully reviewing the

18  briefing, the Court DENIES the motion as meritless; there is no indication that counsel's

19  representations to the Court were "for any improper purpose, such as to harass, cause

20  unnecessary delay, or needlessly increase the cost of litigation."  F.R.C.P. 11(b)(1).

21             **D.**      **Turner's Motion to Shorten Time, Disqualify Counsel, and/or Appoint Counsel**

22

23          Turner filed a Motion to Shorten Time pursuant to Civil Local Rule 6-3, Disqualify

24  Defendants' Counsel, and/or Appoint Plaintiff's Counsel.  Motion re: Counsel (dkt. 116).  In

light of the Court's dismissal of Turner's TAC in its entirety without leave to amend, the

25  Court also DENIES this motion as moot.

26  **V.**    **CONCLUSION**

27

28          For the foregoing reasons, the Court (1) GRANTS Defendants' Motion to Dismiss,

thus DISMISSING Turner's TAC in its entirety without leave to amend, (2) DENIES

1  Defendants' Motion to Revoke Turner's IFP Status, (3) DENIES Turner's Motion to Strike,

2  (4) DENIES Turner's Motion for Preliminary Injunction, (5) DENIES Turner's Motion for

3  Rule 11 Sanctions, and (6) DENIES Turner's Motion to Shorten Time, Disqualify Counsel,

4  and/or Appoint Counsel.

5      **IT IS SO ORDERED.**

6

7

8  Dated: April 15, 2013                                    CHARLES  R. BREYER
                                                            UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10